This is a workmen's compensation case.
Peggy L. McCutcheon sued Champion International Corporation (Champion) in August 1989, alleging that she injured her back on or about August 21, 1988, in an accident arising out of and in the course of her employment with Champion. Following a hearing in May 1992, the trial court found, inter alia, that McCutcheon's testimony was "so fraught with inconsistencies as to be devoid of credibility," and that McCutcheon had not presented credible legal evidence that a compensable injury had occurred. The trial court then concluded that McCutcheon was not entitled to recover workmen's compensation benefits. McCutcheon appeals.
On appeal, McCutcheon contends that the appropriate standard of review mandates reversal of the trial court's judgment. Specifically, she argues that the trial court's order did not set forth sufficient findings of fact and conclusions of law as required by Ala. Code 1975, § 25-5-88; that McCutcheon submitted sufficient credible evidence at trial to establish that she sustained a compensable injury; and that the trial court erred in failing to determine that McCutcheon was permanently and totally disabled as a result of work-related injuries.
The standard of review in workmen's compensation cases is a two-step process. Initially, the reviewing court will look to see if there is any legal evidence to support the trial court's findings. If such evidence is found, then the reviewing court determines whether any reasonable view of that evidence supports the trial court's judgment. Ex parte Eastwood Foods,Inc., 575 So.2d 91 (Ala. 1991).
McCutcheon contends that the trial court's order does not comply with Ala. Code 1975, § 25-5-88, which requires a workmen's compensation judgment to contain findings of fact and conclusions of law. Substantial compliance is sufficient.Littleton v. Gold Kist, Inc., 480 So.2d 1236
(Ala.Civ.App. 1985). If the trial court's findings are meager or omissive, this court may look to the record to determine if the trial court's judgment should be upheld. Bradley v. Nelson,507 So.2d 958 (Ala.Civ.App. 1987). The parties stipulated to many of the facts in open court. The trial court's order contained detailed findings of fact and determined that McCutcheon failed to establish that she suffered a compensable injury. We have carefully examined the trial court's order and find that it substantially complies with Ala. Code 1975, § 25-5-88.
McCutcheon next argues that she submitted sufficient evidence to establish that she suffered compensable injuries from accidents arising out of and in the course of her employment. We note that her original complaint alleged that she was injured in a work-related accident on or about August 21, 1988; however, at trial she testified that she suffered work-related accidents on August 14, 1988, and on December 31, 1988, or January 1, 1989. Champion never objected to evidence pertaining to any of these dates; hence, McCutcheon's complaint is deemed amended to conform to the evidence. Rule 15(b), A.R.Civ.P.
McCutcheon alleges that her back problems arose in an August 1988 accident, and again on December 31, 1988, or January 1, 1989. Record evidence reveals that McCutcheon has had several surgical procedures performed on her back. Deposition and trial testimony revealed that McCutcheon injured *Page 744 
her back in automobile accidents in October 1984 and November 1984. McCutcheon unpersuasively argues that her back injuries resulting from the automobile accidents were fully healed and that they were unrelated to her on-the-job back injury. We note that McCutcheon is not claiming that the work-related accidents aggravated her pre-existing back condition, which could be compensable. Dodson v. Atrax Division of Wallace-Murray Corp.,437 So.2d 1294 (Ala.Civ.App. 1983). Indeed, McCutcheon adamantly insists that her back was fully healed from her 1984 car accidents. Therefore, the Dodson analysis is inapplicable in this case.
Medical records from doctors who treated McCutcheon indicate that she claimed that she was experiencing pain in her lower back prior to her alleged work-related accident in August 1988. Champion's medical records recorded immediately after McCutcheon's first alleged accident show that she denied that any specific injury was responsible. Likewise, Dr. Ira Denton, a neurosurgeon, testified by deposition that McCutcheon had indicated that her August 1988 back pain was unrelated to any specific incident. The evidence supports a conclusion that McCutcheon's back problems, if any, are not the result of a work-related injury. Eastwood Foods, supra.
Furthermore, this court recognizes that the trial court is in the best position to observe the demeanor of the witnesses and to assess their credibility. Yellow Freight Systems, Inc. v.Green, 612 So.2d 1209 (Ala.Civ.App. 1992). The record reveals numerous inconsistencies in McCutcheon's testimony. The trial court's finding that McCutcheon's testimony was without probative value is amply supported by the record.
McCutcheon last argues that the trial court erred in failing to find that she is permanently and totally disabled as a result of work-related injuries. Dr. Gregory Miller, a specialist in rehabilitative medicine, testified by deposition that McCutcheon sustained a 34% disability to her body as a whole. Patsy Bramlett, a vocational consultant, testified that "It's my feeling that [McCutcheon]'s not employable due to the multiple limitations she has and the problems that she's having with the pain in her back." A trial court is not bound by the testimony of expert witnesses, even when that testimony is uncontroverted. Patrick v. FEMCO Southeast, Inc., 565 So.2d 644
(Ala.Civ.App. 1990). Having determined that McCutcheon did not suffer a compensable injury, the trial court committed no error in failing to find that McCutcheon sustained permanent and total disability as a result of a work-related injury.
The trial court's findings are supported by the evidence, and a reasonable view of that evidence supports the trial court's judgment; therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.