Susan Bethea sued her employer, Bruno's, Inc., for workers' compensation benefits she claims she was owed for two alleged on-the-job accidents. After a trial, the trial court entered a judgment in favor of Bruno's, finding, among other things, that Bethea had failed to prove that she had given Bruno's proper notice of the alleged accidents. Bethea appeals.
The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala. Code 1975, which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." Furthermore, the Workers' Compensation Act provides that "in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." §25-5-81(e)(2). The Alabama Supreme Court has defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989); Ex *Page 1092 parte Trinity Industries, Inc., 680 So.2d 262,268 (Ala. 1996).
Bethea contends that the trial court erred in denying her workers' compensation benefits on the ground that she had failed to give Bruno's proper notice of her alleged on-the-job injuries. Section 25-5-78, Ala. Code 1975, the notice provision of the Worker's Compensation Act, provides as follows:
 "For purposes of this article only, an injured employee or the employee's representative, within five days after the occurrence of an accident, shall give or cause to be given to the employer written notice of the accident. If the notice is not given, the employee or the employee's representative shall not be entitled to physician's or medical fees nor any compensation which may have accrued under the terms of this article, unless it can be shown that the party required to give the notice had been prevented from doing so by reason of physical or mental incapacity, other than minority, fraud or deceit, or equal good reason. Notwithstanding any other provision of this section, no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident or, if death results, within 90 days after the death."
An employee is not entitled to workers' compensation benefits if she fails to provide notice. Thomas v. Gold Kist, Inc., 628 So.2d 864
(Ala.Civ.App. 1993). Written notice is not required when it is shown that the employer had actual notice of the injury. James v. Hornady TruckLine, Inc., 601 So.2d 1059 (Ala Civ. App. 1992). The employer must also be notified that the employee was injured in the scope of her employment. Id. In this case, the trial court was presented with conflicting testimony regarding whether Bethea gave notice to her employer of her alleged on-the-job accident. As to the first alleged accident, Bethea testified at trial that she told her immediate supervisor, Mary Allinder, that she had slipped and fallen in the bakery and deli area of the Bruno's grocery store where she was employed. She also testified that she heard Allinder tell the store manager that Bethea was going home because she had hurt herself in a fall. In her deposition testimony, however, Bethea said she just assumed Allinder knew that she had been injured in a work-related fall.
As to the second alleged injury, Bethea testified that while she was still wearing a brace because of the back injury she received in the first accident, she felt a pain in her neck when she was getting Christmas decorations from the Bruno's attic. Sandra Kerr, a coworker of Bethea's, said Bethea sat on the bottom rungs of the ladder and said she was hurt again and asked for a manager. Kerr said she returned to work and did not know whether a manager came to see about Bethea.
It is undisputed that Bethea did not request a "first report of injury" form in either incident. However, the evidence also shows that Bethea had sustained another work-related accident and had followed the proper procedures for ensuring she would receive workers' compensation benefits.
Several witnesses, including Bethea's supervisors, testified that she told them she had injured her back helping her husband at home. They also testified that, although they knew Bethea was being treated for back and neck injuries, they were not aware that those injuries were the results of work-related accidents. Furthermore, the notes of Bethea's treating physicians do not show that her injuries were sustained in work-related accidents, and the paperwork Bethea completed as to the injuries at issue do not indicate that they were sustained in work-related accidents, although some of the paperwork specifically asked whether the injuries stem from on-the-job accidents. In fact, on the patient-history update form she completed when she went for treatment for the accident she claimed happened while she was getting down Christmas decorations, *Page 1093 
Bethea said that she had had no recent accidents and that payment for that doctor's visit could not be filed under workers' compensation.
We are mindful that the Workers' Compensation Act is to be liberally construed to accomplish its beneficent purposes and that doubts must be resolved in favor of the employee. Scott Paper Co. v. Smith,600 So.2d 269 (Ala.Civ.App. 1992). However, a trial court's factual findings based upon conflicting ore tenus evidence will not be disturbed on appeal unless they are "clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence."American Petroleum Equipment Constr., Inc. v. Fancher,708 So.2d 129, 132 (Ala. 1997). It is the duty of the trial court, which has the opportunity to observe witnesses and their demeanors, and not the appellate court, to weigh the evidence presented. Webb Oil Co.v. Holmes, 660 So.2d 1316 (Ala.Civ.App. 1995). See also,Lindsey v. Watson Van Lines, 722 So.2d 774 (Ala.Civ.App. 1998).
The trial court resolved the conflicting evidence in favor of Bruno's. In its judgment, the court found that the witnesses for Bruno's were credible, and the court obviously believed their version of events over Bethea's version. The judgment finding that Bethea failed to provide notice within the period allowed by statute is supported by substantial evidence. Therefore, we cannot say that the judgment is plainly or palpably wrong.
Bethea also contends that the trial court erred in finding that she did not have authorization for treatment as required by § 25-5-77, Ala. Code 1975. The law is well settled that, "if an employee does not notify his employer prior to consulting with a physician or otherwise seeking treatment, the employer is not responsible for the payment of those medical expenses." Goodyear Tire Rubber Co. v. Foreman,551 So.2d 409, 411 (Ala.Civ.App. 1989); Condry v.Jones Farm Equipment Co., 358 So.2d 1030 (Ala.Civ.App. 1978). Certain exceptions to this general rule do exist, but none apply to this case. See, Kimberly-Clark Corp. v. Golden, 486 So.2d 435
(Ala.Civ.App. 1986).
Bethea herself testified that her employer had not authorized the medical treatment she sought for both alleged injuries. Substantial evidence supports the trial court's finding that Bethea did not have authorization for treatment.
The judgment of the trial court is affirmed.
AFFIRMED.
Robertson, P.J., and Yates, Crawley, and Thompson, JJ., concur.