On December 12, 1997, John C. Danley sued his employer, Dorsey Trailers, Inc., seeking to recover workers' compensation benefits for an injury he claimed to have sustained while working within the line and scope of his employment. On September 2, 1999, Dorsey Trailers moved for a summary judgment. On March 17, 2000, the trial court granted the motion and entered a summary judgment in favor of Dorsey Trailers. On April 12, 2000, Danley moved to alter, amend, or vacate the judgment; the trial court denied his motion on April 13, 2000.
Danley appeals, arguing 1) that the judgment of the trial court does not comply with § 25-5-88, Ala. Code 1975, and 2) that the summary judgment is improper because, he contends, he presented sufficient evidence to create a genuine issue of material fact. The issue regarding § 25-5-88, Ala. Code 1975, is dispositive of this appeal, and we will address that issue only.
The judgment in this case reads:
 "This cause comes before the Court upon the pleadings, depositions of Plaintiff and Dr. Elias Chalhub, M.D., the medical records of Dr. Lance K. Dyess, M.D., and the Motion for Summary Judgment of Defendant Dorsey Trailers, Inc., a Corporation, with the Plaintiff's response thereto, and the Affidavit of Plaintiff and medical records of the Plaintiff. Upon consideration thereof, the Court is of the opinion that the Defendant is entitled to a judgment as a matter of law in that there are no genuine issues as to any material facts and the Defendant has proved entitlement to summary judgment by substantial evidence.
". . . [J]udgment is hereby entered against Plaintiff and in favor of Defendant Dorsey Trailers, Inc., with costs taxed against the Plaintiff."
Section 25-5-88, Ala. Code 1975, provides that a judgment in a workers' compensation case "shall contain a statement of the law and facts and conclusions as determined by [the trial] judge." This mandate includes a judgment entered pursuant to a motion for summary judgment under Rule 56, Ala.R.Civ.P. Carr v. Added Dimensions No. 72 Brookwood, Inc.,772 So.2d 473 (Ala.Civ.App. 2000). The purpose of § 25-5-88, Ala. Code 1975, is to "ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts." Farris v. St. Vincent's Hosp., 624 So.2d 183,185 (Ala.Civ.App. 1993) (quoting Elbert Greeson Hosiery Mills, Inc. v.Ivey, 472 So.2d 1049, 1052 (Ala.Civ.App. 1985)). Substantial compliance with this requirement is sufficient. Lindsey v. Watson Van Lines,722 So.2d 774, 776 (Ala.Civ.App. 1998). "If the trial court's findings are *Page 1054 
meager or omissive, this court may look to the record to determine if the trial court's judgment should be upheld." McCutcheon v. ChampionInt'l Corp., 623 So.2d 742, 743 (Ala.Civ.App. 1993). However, "[i]f a judgment entered in a [workers'] compensation case fails to include a finding of facts and conclusions of law, the matter must be reversed."Farris, 624 So.2d at 185.
"Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error." Lee Apparel Co. v. Hart,623 So.2d 329, 331 (Ala.Civ.App. 1993) (quoting Dale Motels, Inc. v.Crittenden, 268 So.2d 834, 837 (Ala.Civ.App. 1972)). Therefore, we are compelled to reverse the judgment and remand the case for the trial court to enter a judgment that complies with § 25-5-88, Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, Crawley and Thompson, JJ., concur.
Robertson, P.J., concurs in the result.