YATES, Presiding Judge.
Patricia Mabins injured her left shoulder, arm, and neck on June 18, 1999, during the course of her employment with Providence Hospital. On May 25, 2000, Mabins and Providence petitioned the court, seeking approval of their settlement agreement. The parties agreed that Providence had paid all of Mabins’s medical costs related to her workplace injury up to the date of the settlement agreement; that the parties desired to settle any and all claims arising out of the workplace injury; that Providence would pay Mabins $6,000 in full settlement and for her release of any and all claims arising out of the accident, or any resulting disability, or injuries; and that for a period of one year from the date of the settlement agreement Providence would continue to pay the cost of all medical expenses for which it was liable under the Workers’ Compensation Act. The court entered an order on May 25, 2000, approving the settlement agreement.
On June 14, 2001, Mabins moved the court to enforce the settlement agreement, or, in the alternative, to set aside the settlement agreement. Mabins alleged that although Providence had agreed to pay all of her medical costs for which it was liable, it had refused to pay for certain treatments related to her spine that, she says, was injured in the workplace accident that occurred on June 18, 1999. On June 27, 2001, Providence responded to Ma-bins’s motion, contending that it had declined to pay for medical treatment that was not related to Mabins’s workplace accident, that it had declined to pay for medical treatment after May 25, 2001, and that Mabins’s motion was not timely, because she had failed to file it within the six-month period provided by § 25-5-56, Ala.Code 1975.
Following a hearing, the trial court entered the following order:
“This cause came before the Court on Plaintiffs motion to enforce or set aside a worker’s compensation settlement agreement entered into by the Plaintiff and Defendant in May 2000, and following arguments of counsel and a review of excerpts of the deposition testimony of Plaintiffs treating physician, the Court determines that the settlement agreement should be enforced, and it is hereby ORDERED AND ADJUDGED as follows:
“1. That the cervical epidural block recommended by Dr. Thomas Barbour in December 2000, was consistent with the overall medical treatment rendered to Plaintiff since July 1999, and paid for by the Defendant’s insurance carrier due to Plaintiffs on the job injury; and,
“2. That the medical benefits provided for in the settlement agreement between the parties are hereby extended for a six (6) month period commencing on the date Plaintiffs treating physician is next able to see her, but no later than November 12, 2001.
“3. That all other aspects of the settlement agreement are hereby affirmed.”
Providence appeals.[1]
Providence argues that the trial court’s order fails to comply with the mandate of *216 § 25-5-88, Ala.Code 1975. We agree. This court has stated:
“Section 25-5-88, Ala.Code 1975, provides that a judgment in a workers’ compensation case ‘shall contain a statement of the law and facts and conclusions as determined by [the trial] judge.’ The purpose of § 25-5-88, Ala.Code 1975, is to ‘ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.’ Substantial compliance with this requirement is sufficient. ‘If the trial court’s findings are meager or omissive, this court may look to the record to determine if the trial court’s judgment should be upheld.’ However, ‘[i]f a judgment entered in a [workers’] compensation case fails to include a finding of facts and conclusions of law, the matter must be reversed.’ ”
Danley v. Dorsey Trailers, Inc., 784 So.2d 1052, 1053-54 (Ala.Civ.App.2000) (citations omitted).
The trial court’s order fails to set forth any findings of fact and conclusions of law as to whether Mabins’s cervical injury, for which she sought treatment in December 2000, was related to her June 1999 workplace injury. Accordingly, we must reverse the judgment and remand the cause for the trial court to comply with § 25-5-88.
REVERSED AND REMANDED.
CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.

. Mabins has not filed a brief on appeal.