In August 2005, Travis C. Aderhold sued Massey Chevrolet, Inc., seeking to recover workers' compensation benefits. In his complaint, Aderhold alleged that he had been injured in a accident on January 5, 2004, while working for Massey Chevrolet. On March 26, 2007, Aderhold and Massey Chevrolet petitioned the trial court for approval of a settlement agreement regarding Aderhold's workers' compensation claim. The settlement agreement stated, among other things, that Aderhold retained the right to recover future medical expenses related to his workplace injury.See § 25-5-77(a), Ala. Code 1975 (requiring an employer of an injured worker to pay for that worker's "reasonably necessary medical arid surgical treatment and attention, physical rehabilitation, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus as the result of an accident arising out of and in the course of the employment"). On March 26, 2007, the trial court entered a judgment approving the settlement agreement. *Page 751 
On May 9, 2007, Aderhold filed a motion to compel Massey Chevrolet to pay for Aderhold's medical treatment. Aderhold's motion asserted that Massey Chevrolet had violated the settlement agreement by failing to pay for necessary medical treatment that Aderhold had sought to obtain from Dr. Charles Aprill.[1] In responding to the motion to compel, Massey Chevrolet asserted that it would not be liable for medical treatment that might be provided by Dr. Aprill to Aderhold because, said Massey Chevrolet, that treatment would not be related to the January 5, 2004, accident and Dr. Aprill was no longer an authorized physician. Both Aderhold and Massey Chevrolet submitted evidentiary materials concerning whether Massey Chevrolet should be required to pay for any future medical treatment to be provided by Dr. Aprill to Aderhold.
Following a hearing, the trial court entered the following judgment on September 28, 2007: "[Massey Chevrolet is] ordered to fund the treatment prescribed and performed by Dr. Aprill." Massey Chevrolet appealed.
On appeal, Massey Chevrolet first argues that the trial court's judgment fails to comply with § 25-5-88, Ala. Code 1975.
 "Section 25-5-88, Ala. Code 1975, provides that a judgment in a workers' compensation case `shall contain a statement of the law and facts and conclusions as determined by the [the trial] judge.' . . . The purpose of § 25-5-88, Ala. Code 1975, is to `ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.' Farris v. St. Vincent's Hosp., 624 So.2d 183, 185 (Ala.Civ.App. 1993) (quoting Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049, 1052 (Ala.Civ.App. 1985)). Substantial compliance with this requirement is sufficient. Lindsey v. Watson Van Lines, 722 So.2d 774, 776 (Ala.Civ.App. 1998). `If the trial court's findings are meager or omissive, this court may look to the record to determine if the trial court's judgment should be upheld.' McCutcheon v. Champion Int'l Corp., 623 So.2d 742, 743
(Ala.Civ.App. 1993). However, `[i]f a judgment entered in a [workers'] compensation case fails to include a finding of facts and conclusions of law, the matter must be reversed.' Farris, 624 So.2d at 185."
Danley v. Dorsey Trailers, Inc., 784 So.2d 1052,1053-54 (Ala.Civ.App. 2000). See also Providence Hosp. v.Mabins, 835 So.2d 214 (Ala.Civ.App. 2002) (reversing a trial court's order enforcing a settlement agreement because that order did not comply with § 25-5-88).
The trial court's September 28, 2007, judgment contains no findings of fact or conclusions of law and, therefore, does not substantially comply with § 25-5-88, Ala. Code 1975. Accordingly, we reverse the trial court's judgment, and we remand the case for the trial court to comply with § 25-5-88. This holding renders moot the other issues raised by Massey Chevrolet and Massey Chevrolet's motion to strike the supplementation of the record on appeal.
REVERSED AND REMANDED.
PITTMAN and THOMAS, JJ., concur.
THOMPSON, P.J., and MOORE, J., concur in the result, without writings.
[1] The motion to compel also asserted that Massey Chevrolet had failed to pay for medical treatment provided by Dr. Aprill to Aderhold on January 31, 2005. On June 1, 2007, the trial court entered an order finding that Massey Chevrolet was not liable for that medical treatment. *Page 752