**Rel: 12/12/14**

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

————————————

1131321

————————————

**Ex parte Alabama Forest Products Industry Workmen's Compensation Self-Insurers' Fund**

PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CIVIL APPEALS

(In re: Alabama Forest Products Industry Workmen's Compensation Self-Insurers' Fund

v.

Amos Harris)

(Marengo Circuit Court, CV-12-900136;
Court of Civil Appeals, 2121008)

BRYAN, Justice.

WRIT DENIED. NO OPINION.

1131321

Moore, C.J., and Stuart, Bolin, Parker, Shaw, Main, and Wise, JJ., concur.

Murdock, J., dissents.

1131321

MURDOCK, Justice (dissenting).

The Court denies certiorari review of the decision of the Court of Civil Appeals in this case, see Alabama Forest Products Industry Workmen's Compensation Self-Insurers' Fund v. Harris, [Ms. 2121008, June 13, 2014] ___ So. 3d ___ (Ala. Civ. App. 2014), overruling its previous decision in Osorio v. K & D Erectors, Inc., 882 So. 2d 347 (Ala. Civ. App. 2003), and holding that Alabama's Workers' Compensation Act makes compensable the provision by nonprofessional family members of certain assistance to injured employees. Section 25-5-1(13), Ala. Code 1975, Alabama Workers' Compensation Act, defines "providers" as

> "[a] medical clinic, pharmacist, dentist, chiropractor, psychologist, podiatrist, physical therapist, pharmaceutical supply company, rehabilitation service, or other person or entity providing treatment, service, or equipment, or person or entity providing facilities at which the employee receives treatment."

Urging the application of the principle of ejusdem generis, petitioner Alabama Forest Products Industry Workmen's Compensation Self-Insurers' Fund argues that the reference at the end of 25-5-1(13) to "other person or entity providing treatment, service or equipment" should be understood as a

3

1131321

reference to other medical professionals, not to nonprofessional family members of the claimant. The petitioner also argues that, in Osorio, the Court of Civil Appeals correctly held that our Workers' Compensation Act "does not require an employer to provide attendant-care expenses to the family of a permanently and totally disabled employee for assisting the employee in his daily functioning," 882 So. 2d at 350, and that the Court of Civil Appeals erred in the present case by overruling Osorio. Finally, the petitioner points out that the court in Osorio noted that Minnesota's Workers' Compensation Act, upon which Alabama's Workers' Compensation Act generally is modeled, specifically provides for the payment of nursing services performed by family members of a permanently and totally disabled employee, see Minn. Stat. § 176.35(1)(b) (2000), whereas Alabama's act contains no such provision. Because I believe there is a probability of merit in the petitioner's arguments, I would grant the petition pending before us. I therefore respectfully dissent from the denial of further review in this case.

4