MURDOCK, Justice
(dissenting).
The Court denies certiorari review of the decision of the Court of Civil Appeals in this case, see Alabama Forest Products Industry Workmen’s Compensation Self-Insurers’ Fund v. Harris, 194 So.3d 921 (Ala.Civ.App.2014), overruling its previous decision in Osorio v. K & D Erectors, Inc., 882 So.2d 347 (Ala.Civ.App.2003), and *929 holding that Alabama’s Workers’ Compensation Act makes compensable the provision by nonprofessional family members of certain assistance to injured employees. Section 25-5-1(13), Ala.Code 1975, Alabama Workers’ Compensation Act, defines “providers” as
“[a] medical clinic, pharmacist, dentist, chiropractor, psychologist, podiatrist, physical therapist, pharmaceutical supply company, rehabilitation service, or other person or entity providing treatment, service, or equipment, or person or entity providing facilities at which the employee receives treatment.”
Urging the application of the principle of ejusdem generis, petitioner- Alabama Forest Products Industry Workmen’s Compensation Self-Insurers’ Fund argues that the reference at the end of 25-5-1(13) to “other person or entity providing treatment, service or equipment” should be understood as a reference to other medical professionals, not to nonprofessional family members of the claimant. The petitioner also argues that, in Osorio, the Court of Civil Appeals correctly held that our Workers’ Compensation Act “does not require an employer to provide attendant-care expenses to the family of a permanently and totally disabled employee for assisting the employee in his daily functioning,” 882 So.2d at 350, and that the Court of Civil'Appeals erred in the present case by overruling Osorio:. Finally, the petitioner points out that the court in Oso-rio noted that Minnesota’s Workers’ Compensation Act, upon-.which Alabama’s Workers’ Compensation Act generally is modeled, specifically provides for the payment of nursing services performed by family members of a permanently and totally disabled employee, see Minn.Stat. § 176.35(l)(b) (2000), whereas Alabama’s act contains no such provision. Because I believe there is a probability of merit in the petitioner’s arguments, I would grant the petition pending before us. I therefore respectfully dissent from the denial of further review in this case.