This is a workmen's compensation case.
Roger A. Littleton sustained two separate and unrelated injuries while employed by Gold Kist, Inc. On November 1, 1982, Littleton injured his right ear in a motor vehicle accident while driving a truck for his employer. He returned to work on November 20, 1982. The second accident occurred on July 13, 1983, when Littleton injured his back while working for Gold Kist. An operation was performed to remove an injured disc in his back. On September 30, 1983, Littleton's doctor released him to return to work, with the restriction that he not lift over thirty pounds for a six-week period.
On October 19, 1983, Littleton brought suit against Gold Kist, seeking an award of permanent partial disability benefits for each accident. After hearing the evidence, the trial court found that Littleton was not entitled to further compensation as a result of the first accident under § 25-5-11 (a), Code of Alabama 1975, since he had obtained a settlement of $25,000 for the first injury from a third party.
The court further found that Littleton had suffered a permanent partial disability of three percent of the whole man because of his back injury, which disability translated into a three percent loss of ability to earn. This finding was followed by a calculation of benefits which we do not understand, but which is not challenged on appeal.
Littleton (claimant) has presented three issues on appeal. The first issue is that the finding that a three percent injury to the body as a whole translates into a three percent loss of ability to earn is erroneous and not supported by the evidence. Recognizing the limits of our standard of review in workmen's compensation cases, we have diligently searched the record for support of the court's finding. The finding that a percentage of disability of the body translates into an equivalent percentage of the loss of ability to earn, in this case, is not supported by the evidence and, in fact, is contrary to the evidence. Our courts have said that the criteria for determining permanent partial disability for the purpose of compensation are not controlled by a finding of physical disability of the body as a whole. Such physical disability may be involved, but not necessarily or exclusively so. GoodyearTire Rubber Co. v. Downey, 266 Ala. 344, 96 So.2d 278 (1957);B.F. Goodrich Co. v. Martin, 47 Ala. App. 244, 253 So.2d 37
(1971). The applicable statute itself provides that the benefits, in cases where there is evidence of average weekly earnings before and after injury, are determined by the difference between such earnings. § 25-5-57 (a)(3)(g), Code of Alabama 1975. Our courts have also recognized that in some injuries such difference in earnings may not accurately indicate loss of earning capacity. Goodyear Tire Rubber Co.v. Downey, supra.
In this case there was evidence of earnings before and after injury. There was expert testimony as to claimant's employability after having previous back injury and corrective surgery. There was testimony of claimant's inability to drive a truck or to lift the heavy containers of chicks, both of which were necessary in his previous employment with Gold Kist. The evidence, as related, was the only material evidence in the record bearing upon claimant's loss of ability to earn in the area of employment for which he was experienced. For these reasons we find the judgment as to the finding of loss of ability to earn must be reversed. We remand to the trial court that aspect for proper determination of loss of ability to earn and determination of benefits due.
The second issue presented is whether the trial court made sufficiently detailed *Page 1238 
findings of fact and conclusions of law as required by §25-5-88, Code of Alabama 1975.
Section 25-5-88 requires a judgment in a workmen's compensation case to contain findings of fact and conclusions of law. Dale Motels, Inc. v. Crittenden, 49 Ala. App. 51,268 So.2d 834 (1972). Substantial compliance with this statute is sufficient. Fordham v. Southern Phenix Textiles, Inc.,387 So.2d 204 (Ala.Civ.App. 1980). When the trial court's finding is merely meager or omissive, this court will look to the evidence to see if the trial court's judgment can be sustained.Harbin v. United States Steel Corp., 356 So.2d 179
(Ala.Civ.App. 1978). We have done this in this case and find no reversible error in this instance.
The third issue is whether there was reversible error in the failure to assess cost of depositions.
According to §§ 25-5-89 and 12-21-144, Code 1975, the taxing of costs in a case is within the discretion of the trial court, subject to the guideline of Rule 54 (d), A.R.Civ.P. B.F.Goodrich v. Campbell, 445 So.2d 920 (Ala.Civ.App. 1984). In this case the court failed to tax any costs against either party. Such failure is a matter to be brought to the attention of the trial court by motion. The assessment of costs is merely incidental to the judgment and may be done at any time prior to issuance of execution. Dorrough v. Mackenson, 231 Ala. 431,165 So. 575 (1936). We have been cited to no authority holding that failure to assess costs is basis for appeal.
Affirmed in part, reversed in part and remanded for further proceeding not contrary to this opinion.
AFFIRMED IN PART; REVERSED IN PART; and
REMANDED.
BRADLEY and HOLMES, JJ., concur.