L. CHARLES WRIGHT, Retired Appellate Judge.
James Eddie Wright brought this action to recover benefits from Dorsey Trailers, Inc., under the Workmen’s Compensation Act of Alabama. Dorsey answered the complaint and, following discovery, filed a motion for summary judgment. Following a hearing on the motion, the trial court granted Dorsey’s motion. Wright appeals.
Initially, Wright asserts that the trial court erred in granting Dorsey’s motion for summary judgment.
Dorsey’s motion for summary judgment was based on the premise that no set of facts could establish that Wright’s employment with Dorsey was the cause of his alleged injuries. In support of its motion, Dorsey submitted Wright’s deposition and the depositions of three of Wright’s physi *1099 cians. Wright responded to the motion with an affidavit.
Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Southern Guar. Ins. Co. v. First Ala. Bank, 540 So.2d 732 (Ala.1989). Where, however, the nonmov-ant produces substantial evidence to support its position, summary judgment cannot be granted. Southern Guar. Ins. Co. Substantial evidence is “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven.” Economy Fire & Cas. Co. v. Goar, 551 So.2d 957 (Ala.1989).
The facts, viewed in a light most favorable to Wright, Wills v. Klingenbeck, 455 So.2d 806 (Ala.1984), are as follows. On or about August 29, 1989, Wright allegedly injured his foot and back while working for Dorsey. Wright did not report back to work for 13 days. He received compensation during his absence. Wright continued to work for Dorsey until July 1991. He quit at that time because of a disagreement he had with his supervisor. Wright filed this action on August 29,1991.
By deposition, in support of the summary judgment motion, Dr. David Wuertzer, a podiatrist, stated that Wright visited him on June 30, 1989 (two months prior to the alleged accident) complaining of pain in his foot. Wright did not give the doctor a history of having received a trauma or injury to his foot which would have initiated the problem. Dr. Wuertzer diagnosed Wright as having porokeratosis on the left heel and plantar fasciitis on the left foot. He prescribed anti-inflammatory drugs and a shoe insert. He did not restrict Wright’s activities and did not think the condition was permanent. Dr. Wuertzer instructed Wright to return to his office if he experienced further difficulty with his foot. Wright never returned.
Dr. Reddoch Williams, a family practitioner, stated in deposition that he treated Wright on August 30, 1989. Wright informed him that he had slipped at work and injured his back. Wright did not complain of a foot ailment. Dr. Williams ordered x-rays of Wright’s back. The results were normal. Dr. Williams believed that Wright could be malingering. He continued to treat Wright for two weeks after the alleged accident. Wright then requested that he be referred to a specialist.
Dr. Cecil Sanders, an orthopedic surgeon, stated in deposition that he saw Wright on September 13, 1989. Wright told Dr. Sanders that he injured his back on August 29, 1989, when he slipped on a platform and struck his back. Wright did not complain of a foot ailment. Following his examination, Dr. Sanders opined that Wright suffered from a bruised back. Dr. Sanders placed him on medication and prescribed exercises for him to perform. Dr. Sanders did not expect Wright to have any type of permanent physical impairment. Wright returned to work the next day after visiting Dr. Sanders.
By deposition Wright stated that he hurt his foot and back on August 29,1989. It is not clear from Wright’s deposition testimony whether the alleged back injury occurred at the same time as the alleged foot injury. Wright stated that his alleged foot injury is the primary cause of his inability to work. Wright stated that he has not received any medical treatment since September 1989 and that he has not taken any medication since that time. He stated that he is still experiencing pain in his foot and that he has arthritis in his back. Wright stated that the catalyst for bringing this action, two years after the alleged injury, was the disagreement with his supervisor and his subsequent termination from employment.
In view of the evidence, we find that Dorsey made a prima facie showing that there was no causal relationship between Wright’s alleged injuries and his employment. The record reveals that Wright received medical attention for his foot ailment two months prior to the alleged accident. Furthermore, there was no evidence to establish a causal connection between Wright's arthritis in his back and his employment. Wright failed to present substantial evidence to rebut the evidence of *1100 Dorsey and show a genuine issue of material fact. Economy Fire & Cas. Co. Dorsey was entitled to judgment as a matter of law. The trial court’s grant of summary judgment was not in error.
Wright asserts that the trial court failed to make sufficient findings of fact and conclusions of law as required by § 25-5-88, Code 1975.
Section 25-5-88 requires a judgment in a workmen’s compensation case to contain findings of fact and conclusions of law. Substantial compliance with the statute is sufficient. Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App.1985). When the trial court’s finding is merely meager or omissive, this court will look to the evidence to see if the trial court’s judgment can be sustained. Littleton.
Though the trial court’s order in this instance is not a model order, it is sufficient for summary judgment. We find that the evidence sustains the judgment. Lit-tleton.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.