This is a workmen's compensation case.
In February 1991, Jewel D. Farris, filed a complaint against St. Vincent's Hospital and others (St. Vincent's), alleging that she suffered an on-the-job injury in December 1989, while employed by St. Vincent's. Farris claims that she is now permanently injured and disabled and seeks compensation from St. Vincent's.
On April 24, 1991, St. Vincent's filed an answer, interrogatories, and a request for production. On July 2, St. Vincent's filed a motion to compel, to which Farris responded by stating that there were no statements or reports to date and that any exhibits to be used at trial were not yet ascertained. On July 11, Farris filed her answers to St. Vincent's interrogatories.
St. Vincent's filed a motion for summary judgment on July 16, 1991, claiming that Farris had presented no evidence to support her claim of diminished earning capacity as a result of the alleged incident, and that there was no genuine issue of material fact. Farris filed a memorandum in opposition to St. Vincent's motion, asserting that Farris's testimony regarding her physical condition and limitations was in itself evidence of her diminished capacity. Farris asserted that she planned to obtain a vocational evaluation and that she had met her burden of proof by "showing at least a scintilla of evidence in her favor on the material issues of this case." St. Vincent's replied, claiming that Farris had failed "to meet [her] burden of coming forward with substantial evidence to establish that there exists a [genuine] issue of [material] fact precluding entry of judgment." Additionally, St. Vincent's asserted that the undisputed evidence established that Farris's post-injury earnings exceeded her pre-injury earnings, and that she had not controverted the legal presumption that she had no loss of earning capacity.
In October, St. Vincent's filed an objection to the affidavit testimony of William W. Stewart "submitted by [Farris] in opposition to [St. Vincent's] motion for summary judgment." St. Vincent's claimed that the affidavit failed to lay a proper foundation for the opinions expressed, and that it was based on inadmissible hearsay evidence. We cannot ascertain from the record if or how the trial court ruled on that objection.
In November, St. Vincent's filed additional evidence supporting its motion, citing excerpts of Farris's deposition. Farris testified that after the alleged incident, she continued in St. Vincent's employ and also realized a pay increase. Farris testified that her alleged physical limitations and ongoing pain were the result of an on-the-job injury that occurred in December 1989. St. Vincent's asserted that Farris's claim was barred by the two-year statute of limitations. On December 31, 1991, Farris sent a letter to the trial judge, alleging that she had been terminated from her employment with St. Vincent's after her case was submitted. St. Vincent's responded on January 6, 1992, confirming Farris's employment termination and claiming that the reasons for that termination were unrelated to Farris's alleged injury.
The case action summary reveals that the trial court entered a summary judgment on April 10, 1992, and that that judgment was made final in June. Farris appeals.
On appeal, Farris's brief makes numerous references to Stewart's affidavit. St. Vincent's filed a motion to strike that affidavit and any references made thereto, alleging that the affidavit was never filed with or presented to the trial court for consideration, that it was not listed in Farris's designation of the record on appeal, and that it was correctly omitted from the record on appeal. Farris argues that the affidavit was filed in *Page 185 
open court and was erroneously omitted from the record.
Although Stewart's affidavit is not contained within the record on appeal, there are numerous references in the record concerning the affidavit. The initial reference is found in St. Vincent's objection to the affidavit, which states that St. Vincent's "objects to the affidavit testimony of William W. Stewart submitted by [Farris] in opposition to [St. Vincent's] motion for summary judgment." The next reference is located in Farris's December letter concerning Farris's job termination, wherein Farris states that in response to St. Vincent's motion for summary judgment, "we filed the Affidavit of Dr. William W. Stewart, a vocational expert." St. Vincent's reply to that letter addressed Farris's employment termination, but did not question Farris's reference to Stewart's affidavit.
The record does not disclose whether St. Vincent's objection to the affidavit testimony was overruled or sustained. Although we cannot determine from the record if the affidavit was considered in regard to the summary judgment motion, both parties have indicated that the affidavit might have been submitted.
In entering the summary judgment on the case action summary sheet, the trial court stated, "IT IS CONSIDERED that the defendant's motion for summary judgment is well taken and same is hereby granted." There is no separate order granting summary judgment, and there are no facts or conclusions of law noted. Likewise, the entry finalizing the judgment is devoid of any statement of facts or legal conclusions upon which the judgment is based.
A final judgment in a workmen's compensation case must contain a statement of the law, the facts, and the conclusions of the trial court. Ala. Code 1975, § 25-5-88. Morton v. BlueBell, Inc., 540 So.2d 79 (Ala.Civ.App. 1989). Substantial compliance is sufficient, and if the finding "is merely meager or omissive, this court will look to the evidence to see if the trial court's judgment can be sustained." Littleton v. GoldKist, Inc., 480 So.2d 1236, 1238 (Ala.Civ.App. 1985).
Recently this court applied Ala. Code 1975, § 25-5-88, and the holding in Gold Kist, supra, to affirm a summary judgment in a workmen's compensation case. Wright v. Dorsey Trailers, Inc.,611 So.2d 1098 (Ala.Civ.App. 1992).
The purpose of Ala. Code 1975, § 25-5-88, is to "ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts."Elbert Greeson Hosiery Mills, Inc. v. Ivey, 472 So.2d 1049,1052 (Ala.Civ.App. 1985). If a judgment entered in a workmen's compensation case fails to include a finding of facts and conclusions of law, the matter must be reversed. Harbin v.United States Steel Corp., 356 So.2d 179 (Ala.Civ.App. 1978). The order lacks sufficient facts and conclusions for us to determine whether the summary judgment was proper.
Accordingly, we reverse the judgment and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result only.