Robert Norwood sued James River Corporation for workmen's compensation benefits. The trial court entered a judgment for James River, and Norwood appealed. We reverse and remand.
It is clear from the record that we must reverse, based on the trial court's failure to make any findings of fact or conclusions of law in this case, which involved evidence of a technical and, to a degree, complicated nature. Indeed, it is because of cases in which the evidence is technical and complicated, among other reasons, that § 25-5-88, Ala. Code 1975, requires the trial court to make a "determination" which must be "filed in writing with the clerk of [the] court." Section 25-5-88 requires that the judgment entered by a trial court in a workmen's compensation case contain findings of fact and conclusions of law based thereon; otherwise, this court itself cannot determine whether the trial court's judgment should be upheld. Roberts v. Veazey, 637 So.2d 1350
(Ala.Civ.App. 1994) (opinion on remand); Winn-Dixie, Inc. v.Ates, 628 So.2d 791 (Ala.Civ.App. 1993).
The trial court made no such findings or conclusions. The only notation in the record regarding the trial court's decision is a statement entered on the case action summary sheet, to-wit: "Judgment by court for the defendant and against the plaintiff." Accordingly, the judgment must be reversed and the cause remanded. Farris v. St. Vincent's Hospital,624 So.2d 183 (Ala.Civ.App. 1993).
The parties have informed this court that the distinguished trial judge who heard this cause has since retired from active service. If practicable, he should be given the opportunity to review the record in this case and to comply with § 25-5-88. If that is not practicable, however, then there must be a new trial.
Let the judgment be reversed and the cause remanded for an order or proceedings consistent with this opinion.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED.
All the Judges concur.