Renda Vick Carr sued her employer, Added Dimensions No. 72 Brookwood, Inc., on January 24, 1997, seeking to recover workers' compensation benefits for injuries she claimed to have sustained during the course of her employment. She contended that she had suffered the alleged injuries as a result of exposure to formaldehyde. The case was tried ore tenus, and without a jury, on October 12 and 13, 1999. Added Dimensions moved for a judgment as a matter of law (JML) at the close of Carr's case, contending that she had failed to prove legal and medical causation as required by Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala. 1996). The court, on October 14, 1999, entered the following order:
 "[The nonjury trial of this case began] on October 12, 1999. At the close of Plaintiff's case, Defendant moved for a judgment as a matter of law. This Court granted the judgment as a matter of law . . . for the following reasons.
 "This case involved a Plaintiff who claimed injury due to exposure to formaldehyde in the course of her employment with defendant. During the Plaintiff's case in chief no scientific test or testimony was offered to support her claim. No scientific test was performed on clothing sold in Defendant's store. No scientific test was performed on other items in Plaintiff's environment such as her furniture, home, carpets, automobile, appliances, neighborhood, eating establishments frequented by Plaintiff, her own clothing and other items too numerous to name.
 "Further, no doctor was able to support Plaintiff's claim of Allergic Encephalitis. No blood test was performed on Plaintiff. Plaintiff did not consult a neurologist or neurosurgeon. Plaintiff attended the second day of trial wearing a wrist brace and using a walking cane. No doctor prescribed this brace or cane. In fact, all doctors testified that Plaintiff is healthy when not around formaldehyde.
 "Based on the foregoing, this Court is not convinced that Plaintiff established her case against Defendant. THEREFORE, judgment is entered in favor of Defendant, costs taxed to Plaintiff."
Carr appealed.
The Alabama Rules of Civil Procedure apply to workers' compensation cases. Rule 81(a)(32) provides that the Rules of Civil Procedure apply to workers' compensation cases to the extent that practice in that area is not provided by statute. See also Shop-A-Snak Food Mart, Inc. v.Penhale, 693 So.2d 479 (Ala.Civ.App. 1997) (holding that workers' compensation actions are governed by the same rules and statutes as other civil actions).
Rule 50(a)(1), Ala.R.Civ.P., provides:
"(a) Judgment as a Matter of Law.
 "(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue."
Rule 50 specifically refers to proceedings tried with a jury; we note that the proceeding in this case was tried ore tenus and without a jury. The motion Added Dimensions made at the close of Carr's case should have been made pursuant to Rule 52, Ala.R.Civ.P., which provides:
 "(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court may upon written request and shall when required by statute, find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58. . . .
". . . . *Page 475 
 "(c) Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence."
Section 25-5-88, Ala. Code 1975, provides that a final judgment in a workers' compensation case "shall contain a statement of the law and facts and conclusions" as determined by the trial court. The trial court "`is required to make findings of fact and conclusions of law, and these findings should encompass each and every issue presented to and litigated in the trial court; where this is not done, the judgment should be reversed.'" Ex parte Valdez, 636 So.2d 401, 404 (Ala. 1994), quotingThompson Co. Contractors v. Cole, 391 So.2d 1042, 1045 (Ala.Civ.App. 1980). Substantial compliance with the statute is sufficient, and where the court's findings are meager or omissive this court may look to the record to determine whether the trial court's judgment can be sustained.Farris v. St. Vincent's Hosp., 624 So.2d 183 (Ala.Civ.App. 1993).
Regardless of whether the trial court's order was entered on a motion made pursuant to Rule 50, 52, or 56, the court is required to comply with the mandate of § 25-5-88 and to enter a judgment containing sufficient findings of fact and conclusions of law. Although the order contains some findings of fact, we cannot say that it substantially complies with § 25-5-88. The order contains absolutely no relevant applicable legal principles, nor any legal conclusions as to how the facts relate to those principles.
Accordingly, we must reverse the judgment and remand the case for the trial court to make the necessary findings of fact and conclusions of law.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
Robertson, P.J., and Monroe, Crawley, and Thompson, JJ., concur.