On June 8, 1999, Marty Casteel, by and through his next friend, Melisa Johnson, sued Casteel's employer, Wal-Mart Stores, Inc., seeking workers' compensation benefits for an injury Casteel claims to have suffered in the line and scope of his employment. On February 12, 2001, Wal-Mart moved for a summary judgment. On May 4, the trial court granted the motion and entered a summary judgment in favor of Wal-Mart.
Casteel appeals, arguing that the judgment is not in compliance with § 25-5-88, Ala. Code 1975. He also argues that the summary judgment was erroneous because, he says, he presented substantial evidence creating genuine issues of material fact with respect to whether his injury was compensable and whether the applicable statutory limitations period had been tolled by his incapacity.
Because the issue regarding § 25-5-88 is dispositive of this appeal, we need not address the propriety of the summary judgment on the merits.
The trial court entered the following order:
 "This cause is before the Court on Motion for Summary Judgment filed by Defendant Wal-Mart Stores, Inc. on February 12, 2001. The Court conducted a hearing regarding said motion on April 24, 2001.
 "In addition to the Motion for Summary Judgment and the arguments presented at the hearing, the Court has considered the pleadings, motions, responses, and submissions thereon. *Page 332 
 [T]he Court finds the motion well taken and due to be granted, and there being no genuine issue of material fact and Defendant Wal-Mart Stores, Inc. being entitled to judgment as a matter of law, Judgment is hereby entered in favor of Defendant Wal-Mart Stores, Inc. and against Plaintiff Marty Casteel. Costs taxed to the Plaintiff. . . ."
Section 25-5-88, Ala. Code 1975, provides that a final judgment in a workers' compensation case "shall contain a statement of the law and facts and conclusions" as determined by the trial court. See Ex parteValdez, 636 So.2d 401, 404 (Ala. 1994). In Carr v. Added Dimensions No.72 Brookwood, Inc., 772 So.2d 473, 475 (Ala.Civ.App. 2000), this court stated:
 "Regardless of whether the trial court's order was entered on a motion made pursuant to Rule 50, 52, or 56[, Ala.R.Civ.P.], the court is required to comply with the mandate of § 25-5-88 and to enter a judgment containing sufficient findings of fact and conclusions of law. . . . The order contains absolutely no [findings of fact or] relevant applicable legal principles, nor any legal conclusions as to how the facts relate to those principles.
 "Accordingly, we must reverse the judgment and remand the case for the trial court to make the necessary findings of fact and conclusions of law."
See also Danley v. Dorsey Trailers, Inc., 784 So.2d 1052 (Ala.Civ.App. 2000) (holding that the requirements of § 25-5-58 apply in a case in which the trial court enters a summary judgment).
"`Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error.'" Lee Apparel Co. v. Hart,623 So.2d 329, 331 (Ala.Civ.App. 1993) (quoting Dale Motels, Inc. v.Crittenden, 49 Ala. App. 51, 55, 268 So.2d 834, 837 (Ala.Civ.App. 1972)). We, therefore, reverse the judgment and remand the case to the trial court to enter a judgment in compliance with § 25-5-88, Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Yates, P.J., and Thompson, Pittman, and Murdock, JJ., concur.