On June 20, 2000, Robert L. Johnson ("Johnson") sued his employer Harbison-Walker Refractories Company, Inc. ("Harbison-Walker"), seeking workers' compensation benefits for an injury Johnson claims to have suffered in the line and scope of his employment.[1] On July 3, 2001, Harbison-Walker moved for a summary judgment. The trial court, on March 21, 2002, entered a summary judgment in favor of Harbison-Walker. Johnson appealed.
On appeal, Johnson argues only that the trial court's judgment does not comply with § 25-5-88, Ala. Code 1975. Section 25-5-88 requires that a final judgment in a workers' compensation case contain "a statement of the law and facts and conclusions." § 25-5-88, Ala. Code 1975. The trial court's judgment, in its entirety, reads:
 "Motion for summary judgment is argued by the parties and the Court considers the argument and deposition and finds that there is no genuine issue as to any material fact and that the Defendant [Harbison] is entitled to a judgment as a matter of law. There being no just reason for delay in granting his judgment the Order is entered and costs are costs [sic] are taxed as paid." *Page 378 
Section 25-5-88 applies to a summary judgment and it requires that findings of fact and conclusions of law be included in the summary-judgment order. Carr v. Added Dimensions No. 72 Brookwood, Inc.,772 So.2d 473, 475 (Ala.Civ.App. 2000).
In Casteel v. Wal-Mart Stores, Inc., 828 So.2d 331 (Ala.Civ.App. 2002), this court interpreted the requirements of § 25-5-88, Ala. Code 1975. In Casteel, the trial court had entered a summary judgment in a workers' compensation case. The summary-judgment order listed the hearing, pleadings, motions, responses, and submissions as the basis for the trial court's decision. The trial court in Casteel recited the summary-judgment standard[2] as the sole statement of applicable law.Casteel v. Wal-Mart Stores, Inc., supra. This Court reversed the judgment and remanded the case to the trial court, holding that the summary-judgment order failed to comply with the requirements of §25-5-88. Casteel v. Wal-Mart Stores, Inc., supra.
"`Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error.'" Lee Apparel Co. v. Hart,623 So.2d 329, 331 (Ala.Civ.App. 1993) (quoting Dale Motels, Inc. v.Crittenden, 49 Ala. App. 51, 55, 268 So.2d 834, 837 (Ala.Civ.App. 1972)). Upon determining that the trial court has not complied with § 25-5-88, Ala. Code 1975, this court must reverse the trial court's decision, Carr v. Added Dimensions No. 72 Brookwood, Inc., supra, and on remand the trial court must enter a judgment containing findings of fact and conclusions of law in compliance with § 25-5-88, Ala. Code 1975.Carr v. Added Dimensions No. 72 Brookwood, Inc., supra.
The present case is factually similar to Casteel, supra. The trial court in the present case did not enter findings of fact or conclusions of law, or apply the law to the facts, in accordance with § 25-5-88, Ala. Code 1975. We, therefore, reverse the judgment and remand the case to the trial court to enter a judgment in compliance with § 25-5-88, Ala. Code 1975.
REVERSED AND REMANDED.
Yates, P.J., and Pittman, J., concur.
[1] Johnson alleges that he suffered a hearing loss.
[2] "`[T]he Court finds the motion well taken and due to be granted, and there being no genuine issue of material fact and Defendant Wal-Mart Stores, Inc. being entitled to judgment as a matter of law, Judgment is hereby entered. . . .'" Casteel v. Wal-Mart Stores, Inc., 828 So.2d at 332.