Kenneth Sheffield commenced this action against Choctaw Transport, Inc. ("Choctaw"), seeking to recover workers' compensation benefits arising from injuries he allegedly suffered in the line and scope of his employment as a truck driver. Sheffield and Choctaw each moved for a summary judgment; those motions were filed on July 22, 2003, and on August 18, 2003, respectively. In response to Choctaw's motion for a summary judgment, Sheffield filed an affidavit on September 23, 2003. Choctaw moved to strike Sheffield's affidavit. On October 7, 2003, the trial court granted Choctaw's motion to strike and it entered a summary judgment *Page 345 
in favor of Choctaw. Sheffield appealed to the supreme court; that court transferred the appeal to this court, pursuant to §12-2-7(6), Ala. Code 1975.
Section 25-5-88, Ala. Code 1975, requires that a final judgment in a workers' compensation case contain "a statement of the law and facts and conclusions as determined by [the] judge." Seealso Johnson v. Harbison-Walker Refractories Co., 847 So.2d 377
(Ala.Civ.App. 2002) (holding that a trial court's judgment must comply with the statutory requirement that the judgment contain written findings of fact and conclusions of law). "Section25-5-88 applies to a summary judgment and it requires that findings of fact and conclusions of law be included in the summary-judgment order." Johnson, 847 So.2d at 378. Otherwise, this court cannot determine whether the trial court's judgment should be upheld. Norwood v. James River Corp., 655 So.2d 1047,1048 (Ala.Civ.App. 1995).
In Casteel v. Wal-Mart Stores, Inc., 828 So.2d 331
(Ala.Civ.App. 2002), this court addressed the requirements of §25-5-88, Ala. Code 1975. In that case, Casteel sued his employer, Wal-Mart, seeking workers' compensation benefits. Casteel,828 So.2d at 331. Wal-Mart moved for a summary judgment, and the trial court entered a summary judgment in favor of Wal-Mart.Id. The only legal analysis included by the trial court in its judgment was the application of the summary-judgment standard.Casteel, 828 So.2d at 332. This court held that the summary-judgment order failed to comply with the requirements of § 25-5-88, and it reversed the trial court's judgment. Id.
Similarly, in Carr v. Added Dimensions No. 72 Brookwood,Inc., 772 So.2d 473 (Ala.Civ.App. 2000), this court held that the trial court did not comply with § 25-5-88 because the trial court's judgment did not contain the applicable legal principles or the trial judge's legal conclusions as to how the facts related to those principles. This court reversed the judgment and remanded the case for the trial court to make the necessary findings of fact and conclusions of law. Carr,772 So.2d at 475.
In the instant case, the trial court made no findings of fact or conclusions of law in its summary-judgment order. In its entirety, the judgment from which Sheffield appeals states:
"Plaintiff's Motion for Summary Judgment is denied.
"Defendant's Motion for Summary Judgment is granted.
 "Defendant's Motion to Strike Affidavit of the Plaintiff is granted."
"`" Until the trial court makes the required finding of fact and conclusions of law and enters a judgment based thereon, we cannot review its finding and judgment for error."'" Casteel,828 So.2d at 332 (quoting Lee Apparel Co. v. Hart,623 So.2d 329, 331 (Ala.Civ.App. 1993), quoting in turn Dale Motels, Inc.v. Crittenden, 49 Ala.App. 51, 55, 268 So.2d 834, 837
(Ala.Civ.App. 1972)). The application of § 25-5-88, Ala. Code 1975, is dispositive of this appeal; therefore, we do not address the merits of the appeal. Accordingly, the trial court's judgment must be reversed and the case remanded for the entry of an order in compliance with § 25-5-88, Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur. *Page 346