900 So.2d 1248 (2004)
Patricia R. NELSON
v.
DOLLAR GENERAL CORPORATION.
2030324.
Court of Civil Appeals of Alabama.
November 12, 2004.
Charles R. Godwin and Timothy J. Godwin, Atmore, for appellant.
Robert S. Lamar, Jr., of Lamar, Miller, Norris & Feldman, P.C., Birmingham, for appellee.
YATES, Presiding Judge.
Patricia R. Nelson sued her employer, Dollar General Corporation, on October 13, 2001, seeking to recover workers' compensation benefits for injuries she allegedly sustained during the course of her employment with Dollar General. Dollar General moved the trial court on October 15, 2003, for a summary judgment. The trial court, on November 21, 2003, entered a summary judgment in favor of Dollar General. Nelson appeals.
This court has stated:
"Section 25-5-88, Ala.Code 1975, requires that a final judgment in a workers' compensation case contain `a statement of the law and facts and conclusions as determined by [the] judge.' See also Johnson v. Harbison-Walker Refractories Co., 847 So.2d 377 (Ala.Civ.App.2002)(holding that a trial court's judgment must comply with the statutory requirement that the judgment contain written findings of fact and conclusions of law). `Section 25-5-88 applies to a summary judgment and it requires that findings of fact and conclusions of law be included in the summary-judgment order.' Johnson, 847 So.2d at 378. Otherwise, this court cannot determine whether the trial court's judgment should be upheld. Norwood v. James River Corp., 655 So.2d 1047, 1048 (Ala.Civ.App.1995)."
Sheffield v. Choctaw Transp., Inc., 891 So.2d 344, 345 (Ala.Civ.App.2004). See also Casteel v. Wal-Mart Stores, Inc., 828 So.2d 331 (Ala.Civ.App.2002).
In the present case, the trial court's summary-judgment order consists of the following entry on the case action summary: *1249 "Defendant's motion for summary judgment is granted." The application of § 25-5-88, Ala.Code 1975, is dispositive of this appeal. Accordingly, we must reverse the judgment of the trial court and remand the case for the entry of an order in compliance with § 25-5-88, Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
CRAWLEY and THOMPSON, JJ., concur.
PITTMAN, J., concurs in the result, with writing.
MURDOCK, J., concurs in the result, without writing.
PITTMAN, Judge, concurring in the result.
The application of § 25-5-88, Ala.Code 1975, to summary-judgment orders entered in actions arising under the Workers' Compensation Act is highly doubtful. As we recently indicated in Alpine Associate Industrial Services, Inc. v. Smitherman, 897 So.2d 391, 394 (Ala.Civ.App.2004), the language of § 25-5-88 indicates that the Legislature intended to require statements of factual findings and legal conclusions only in "a trial court's decision entered after a nonjury trial in a case arising under the Act." However, because no request has been made in this case to overrule Farris v. St. Vincent's Hospital, 624 So.2d 183 (Ala.Civ.App.1993), and its progeny, which have applied § 25-5-88 to summary-judgment orders entered in workers' compensation actions, I concur in the result to reverse.