On Application for Rehearing

THOMPSON, Judge.
The opinion of November 12, 2004, is withdrawn, and the following is substituted therefor:
This is the second time this matter has been before this court. On June 26, 2002, Kenneth Sheffield sued his employer, Choctaw Transport, Inc. (“Choctaw”), seeking to recover workers’ compensation benefits for injuries he suffered in the line and scope of his employment as a commercial truck driver.[1] Sheffield alleged in his complaint that he was injured when the tractor-trailer truck he was driving was involved in an accident. Choctaw answered Sheffield’s complaint and admitted that Sheffield had suffered an on-the-job injury and that he had experienced a period of temporary total disability following his injury.
On August 18, 2003, Choctaw filed a motion for a summary judgment in which it asserted that Sheffield had willfully refused to use a safety device by not wearing his seatbelt at the time of the accident. Choctaw submitted a portion of Sheffield’s deposition testimony in support of its summary-judgment motion. Sheffield opposed the summary-judgment motion and submitted his own affidavit in support of his position. Choctaw moved to strike Sheffield’s affidavit, arguing that the affidavit contradicted Sheffield’s deposition testimony. On October 7, 2003, the trial court granted Choctaw’s motion to strike Sheffield’s affidavit and its motion for a summary judgment. Sheffield filed a post-judgment motion; the trial court denied that motion. Sheffield appealed to the supreme court, and that court transferred that appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
On April 16, 2004, this court reversed the judgment of the trial court and remanded the cause for the trial court to make the necessary findings of fact and conclusions of law in compliance with § 25-5-88, Ala.Code 1975. See Sheffield v. Choctaw Transp., Inc., 891 So.2d 344 (Ala.Civ.App.2004). On May 14, 2004, the trial court entered a new judgment. Sheffield timely appealed.
It is well-settled that a motion for a summary judgment is properly granted where “there is no genuine issue as to any material fact” and “the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala. R. Civ. P. After the moving party makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). In order to carry that burden, the nonmoving party is required to present substantial evidence, that is, “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). When reviewing a summary judgment, this court must review the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts concerning the existence of *942 a germine issue of material fact in favor of the nonmovant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
The record, viewed in a light most favorable to Sheffield, reveals the following pertinent facts. At the time of the hearing in this matter, Sheffield was a commercial truck driver. On April 11, 2002, Sheffield, in the line and scope of his employment, was injured in an accident while driving northbound on Interstate Highway 65. According to Sheffield, as a result of the accident, the truck’s trailer turned on its side while the tractor turned completely upside down.
In its summary-judgment motion, Choctaw argued that Sheffield was precluded from receiving workers’ compensation benefits by § 25-5-51, Ala.Code 1975, which states in part:
“[N]o compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, by the employee’s intention to bring about the injury or death of himself or herself or of another, his or her willful failure or willful refusal to use safety appliances provided by the employer or by an accident due to the injured employee being intoxicated from the use of alcohol or being impaired by illegal drugs.”
In its summary-judgment motion, Choctaw alleged that Sheffield failed to wear a seat-belt, which, it contended, was equivalent to the failure to use a safety device under § 25-5-51, Ala.Code 1975. In attempting to establish that Sheffield was not wearing a seatbelt at the time of the accident, Choctaw submitted to the trial court the following excerpt from Sheffield’s deposition:
“Q: Did your truck actually flip?
“A: Completely over on the top, yes, sir.
“Q: Okay. Flipped to the right, correct?
“A: Yes, sir.
“Q: So you ended up with the wheels pointed straight up?
“A: On the tractor, yes, sir. The trailer laid on its side; the tractor laid over on its top.
“Q: Okay. Were you wearing a seat belt?
“A: No, sir.”
In his affidavit submitted in response to Choctaw’s motion for a summary judgment, Sheffield contended that his testimony concerning whether he was wearing a seatbelt had been taken out of context. Sheffield’s affidavit is not a model of clarity, and it is obvious that certain portions of that affidavit did not constitute admissible evidence.[2] However, in that affidavit, Sheffield stated that he did not testify in his deposition that he was not wearing his seatbelt during the rollover but, rather, that he was not wearing a seatbelt at the end of the rollover.
Sheffield argues on appeal that the trial court erred in striking his affidavit filed in opposition to Choctaw’s summary-judgment motion. Our supreme court has held that a party attempting to defeat a summary-judgment motion may not create a genuine issue of fact by submitting an affidavit that contradicts, without an explanation, prior testimony. Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 245 (Ala.1992); Wilson v. Teng, 786 So.2d 485, 497 (Ala.2000).
“However, when a party submits a subsequent affidavit merely to clarify his or *943 her answers to ambiguous questions asked by counsel during a deposition or other prior sworn proceeding or to supply information not necessarily sought by questions asked at the deposition or other prior sworn proceeding, the trial court should consider the subsequent affidavit.”
Wilson v. Teng, 786 So.2d at 497.
On appeal, Sheffield asserts that his affidavit was not offered to prove that he was wearing his seatbelt during the accident but that it was offered to explain the time he was referring to in his deposition testimony when he stated that he was not wearing his seatbelt. Consequently, Sheffield argues, his affidavit did not conflict with his prior deposition testimony and should have been considered by the trial court. We agree with Sheffield’s argument, at least with regard to that part of the affidavit offered to explain the time to which he was referring when he stated that he was not wearing his seatbelt. We conclude that that part of Sheffield’s affidavit was a clarification of his deposition testimony. Therefore, we conclude that that part of Sheffield’s affidavit was explanatory in nature and was not inconsistent with his prior deposition testimony. See Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d at 245; Wilson v. Teng, 786 So.2d at 497. Accordingly, we hold that the trial court erred in striking that part of Sheffield’s affidavit in which he explained that he had testified that he was not wearing a seatbelt immediately after the accident.
This court must next determine whether Sheffield’s deposition testimony, as clarified by that part of his affidavit, provided the trial court undisputed evidence that Sheffield was not wearing a seatbelt at the time of the accident. See Rule 56(c)(3), Ala. R. Civ. P. (providing that a summary judgment is proper only where “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law”). We conclude that the evidence before the trial court, with the inclusion of the part of Sheffield’s affidavit that we have determined explained his prior deposition testimony, presented a genuine issue of material fact as to the issue whether Sheffield was wearing his seatbelt at the time of the accident. Accordingly, we must hold that the trial court erred in entering a summary judgment in favor of Choctaw.
Choctaw contends on application for rehearing that Sheffield’s affidavit did not comply with Rule 56(e), Ala. R. Civ. P., because Sheffield failed to attach sworn or certified copies of the documents to which Sheffield referred in that affidavit. The portions of Sheffield’s affidavit referring to those documents are inadmissible; however, that fact does not affect the admissibility of the remainder of Sheffield’s affidavit, including the portion that clarified his deposition testimony.
In reaching our holding, this court does not decide whether Sheffield will ultimately prevail but only that the trial court erred in entering a summary judgment based on the evidence presented to it at this stage of the proceedings. Our holding that the trial court erred in entering a summary judgment on behalf of Choctaw pretermits a discussion of the other issues Sheffield raises on appeal, including the issue whether an employee’s failure to wear a seatbelt constitutes willful misconduct pursuant to § 25-5-51, Ala.Code 1975.
OPINION OF NOVEMBER 12, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; REVERSED AND REMANDED.
YATES, P.J., concurs.
*944 PITTMAN, J., concurs in part and concurs in the result in part, with writing, which CRAWLEY, J., joins.
MURDOCK, J., concurs in the result, without writing.

. Sheffield’s complaint also included claims alleging conversion and bad-faith denial of workers’ compensation benefits. On July 22, 2002, Choctaw filed a motion to dismiss Sheffield’s bad-faith and conversion claims. The trial court dismissed the bad-faith claim; the parties subsequently agreed to dismiss the conversion claim.

. For example, some statements in Sheffield's affidavit were based on his review of medical reports and an accident report. Thus, those statements were not based on Sheffield's personal knowledge as is required by Rule 56(e), Ala. R. Civ. P.