THOMAS, Judge.
 

 Betty Griffin (“the employee”) was employed by Prime Healthcare Corporation d/b/a Lafayette Extended Care, LLC (“the employer”). In April or May 2003, the employee was allegedly injured in the line and scope of her employment. She sued the employer and several fictitiously named defendants in November 2004, seeking an award of workers’ compensation benefits. In May 2006, the employer filed a motion for a summary judgment, arguing that the employee’s injury occurred outside the scope of her employment, specifically during an incident of horseplay. The employee responded to the employer’s motion. The trial court entered a summary judgment in favor of the employer on September 26, 2006; however, the trial court set that judgment aside on the employee’s postjudgment motion. After a later hearing on the employer’s summary-judgment motion, the trial court again entered a judgment in favor of the employer. The employee appealed that judgment.
 

 The trial court’s summary-judgment order states, in its entirety:
 

 “This matter came before the Court for hearing on a Motion for Summary Judgment filed by the [employer] with counsel for both parties being present before the Court. After hearing and considering the argument of counsel, it is hereby Ordered as follows:
 

 “IT IS ORDERED, ADJUDGED and DECREED that based upon the pleadings and affidavits, the Court finds that there is no genuine issue of material fact and the [employer’s] Motion for Summary Judgment is due to be GRANTED. Judgment is hereby rendered in favor of [the employer] as to all counts and allegations against [the employer] by [the employee].
 

 “The Court further determines that there is no just reason for delay of the appellate process in that this judgment completely disposes of all claims against [the employer]; therefore said judgment is final as to [the employer].
 
 [1]
 

 “The Clerk of the Court is to mail a copy of this Order to counsel of record and any party appearing pro se.”
 

 This court has long required summary-judgment orders in workers’ compensation cases to comply with Ala.Code 1975, § 25-5-88, which requires written findings of fact and conclusions of law in workers’ compensation judgments.
 
 Nelson v. Dollar Gen. Corp.,
 
 900 So.2d 1248, 1248 (Ala. Civ.App.2004);
 
 Sheffield v. Choctaw Transp., Inc.,
 
 891 So.2d 344, 345 (Ala.Civ. App.2004);
 
 Casteel ex rel. Johnson v. Wal-Mart Stores, Inc.,
 
 828 So.2d 331, 332 (Ala. Civ.App.2002);
 
 Carr v. Added Dimensions
 
 
 *894
 

 No. 72 Brookwood, Inc.,
 
 772 So.2d 473, 475 (Ala.Civ.App.2000); and
 
 Farris v. St. Vincent’s Hosp.,
 
 624 So.2d 183, 185 (Ala.Civ. App.1993). The summary-judgment order in the present case does not contain the required findings or conclusions. Therefore, we reverse the judgment and remand the cause for the entry of a judgment in compliance with § 25-5-88.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 1. Because no defendants were ever substituted for the fictitiously named defendants, the existence of those unserved and unnamed defendants did not preclude the finality of the judgment, and the Rule 54(b), Ala. R. Civ. P., certification entered by the trial court was unnecessaiy.
 
 See
 
 Rule 4(f), Ala. R. Civ. P. ("When there are multiple defendants and the summons ... and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment.”); and Rule 54(b), Ala. R. Civ. P.;
 
 see also Owens v. National Sec. of Alabama, Inc.,
 
 454 So.2d 1387, 1388 n. 2 (Ala.1984); and
 
 Thompson v. Williams,
 
 752 So.2d 525, 526 n. 1 (Ala.Civ. App.1999).