THOMAS, Judge.
 

 Carolyn Williams was employed as a licensed practical nurse by Valley View Health and Rehabilitation, LLC. On September 20, 2005, Williams allegedly suffered an injury in the line and scope of her employment as a result of her exposure to chemical fumes. In June 2007, Williams sued Valley View, seeking an award of workers’ compensation benefits. On July 22, 2008, Valley View moved the trial court for a summary judgment, arguing that Williams’s illness did not arise out of and in the scope of her employment. On September 2, 2008, Williams responded to Valley View’s motion. On September 8, 2008, the trial court entered a summary judgment in favor of Valley View. On October 6, 2008, Williams moved the trial court to reconsider its entry of summary judgment or, in the alternative, to allow her to amend her complaint. On January 5, 2009, Williams’s postjudgment motion was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P.
 
 [1]
 
 Williams timely appealed to this court.
 

 The trial court’s summary judgment in this case consisted only of an entry of the judgment in the State Judicial Information System.
 

 “This court has long required summary-judgment orders in workers’ compensation cases to comply with Ala.Code 1975, § 25-5-88, which requires written findings of fact and conclusions of law in workers’ compensation judgments.
 
 Nelson v. Dollar Gen. Corp.,
 
 900 So.2d 1248, 1248 (Ala.Civ.App.2004);
 
 Sheffield v. Choctaw Transp., Inc.,
 
 891 So.2d 344, 345 (Ala.Civ.App.2004);
 
 Casteel ex rel. Johnson v. Wal-Mart Stores, Inc.,
 
 828 So.2d 331, 332 (Ala.Civ.App.2002);
 
 Carr v. Added Dimensions No. 72 Brookwood, Inc.,
 
 772 So.2d 473, 475 (Ala.Civ.App.2000); and
 
 Farris v. St. Vincent’s Hosp.,
 
 624 So.2d 183, 185 (Ala.Civ.App.1993).”
 

 Griffin v. Prime Healthcare Corp.,
 
 3 So.3d 892, 893-94 (Ala.Civ.App.2008). The summary-judgment order in this case does not contain any findings of facts or conclusions of law as required by § 25-5-88, Ala.Code
 
 *563
 
 1975. Therefore, we reverse the judgment and remand the cause for the entry of a judgment that complies with § 25-5-88.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Rule 59.1 provides that a postjudgment motion that is not ruled on by the court within 90 days is deemed denied at the expiration of the 90-day period. The 90th day following Williams's filing of her postjudgment motion on October 6, 2008, was Sunday, January 4, 2009. Therefore, Williams's postjudgment motion was deemed denied on Monday January 4, 2009.
 
 See First Alabama Bank v. McGowan,
 
 758 So.2d 1116 (Ala.Civ.App.2000), and
 
 Richburg v. Cromwell,
 
 428 So.2d 621 (Ala.1983).