THOMAS, Judge,
dissenting.
I respectfully dissent. Carolyn Williams filed a complaint in the trial court alleging that,
“[o]n or about the 20th day of September, 2005, while engaged in the business of [Valley View Health and Rehabilitation, LLC,] and acting within the line and scope of her employment, [Williams] received injuries arising out of and in the course of her employment at [Valley View], ... resulting in a permanent total disability as a result of said incident. Said injuries have proximately caused, and continue to cause, [Williams] to suffer Permanent and Total disability and medical expenses compensable under the Workers’ Compensation Act of Alabama.
“[Williams] avers that [Valley View] had prompt and immediate notice of said accident and that [Valley View] has properly paid [Williams] workers’ compensation benefits from approximately the date of the incident to the present.”
Williams’s complaint contained only a single claim — one for compensation under the Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975. Williams did not. specify under which provisions of the Act she had brought her claim. Valley View Health and Rehabilitation, LLC, answered Williams’s complaint, denying Williams’s claim that she was entitled to benefits under the Act.
On July 7, 2008, Valley View moved the trial court for a summary judgment. In its motion, Valley View characterized Williams’s claim as one based on an alleged injury from an occupational disease, as defined by § 25-5-110(1), Ala.Code 1975.[1] Valley View then argued that summary judgment was appropriate because Williams had not presented substantial evidence indicating that Williams’s injury was sufficiently connected to her employment at Valley View.
Williams filed a response to Valley View’s motion for a summary judgment. In her filing, Williams did more than simply respond to Valley View’s argument that the trial court should enter a summary judgment in its favor. Williams also argued that the trial court should enter a summary judgment in her favor. In her motion for a summary judgment, Williams argued that she had “presented substantial evidence to support her contention that her injury is an occupational disease .... ” (Emphasis added.) Williams cited Dodson v. Atrax Division of Wallace-Murray Corp., 437 So.2d 1294 (Ala.Civ.App.1983), for the proposition that, if any injury “leaves a residual affect in the employee’s respiratory system that creates a chronic, continuing sensitivity or susceptibility to re-injury, the disability resulting from the sensitization will be compensable under *643 the Occupational Disease Article.” Williams further asserted, in arguing for a summary judgment in her favor, that “[t]he undisputed material facts show [Williams’s] occupational disease to be chronic asthma. This chronic asthma condition has been determined an occupational disease by Alabama Courts.” Thus, Williams herself characterized the claim in her complaint as a claim for compensation for injuries resulting from an occupational disease. Williams did not make any argument that her injury was compensable as an accidental injury or that she had asserted a claim for an accidental injury, nor did Williams argue that Valley View had mis-characterized the claim that she had made in her complaint.
On September 8, 2008, the trial court entered a summary judgment in favor of Valley View. Williams then filed a post-judgment motion, arguing that she had claimed in her complaint that her injury resulted from an accident and that, accordingly, her injury should not be considered an occupational disease. Williams did not advance this legal argument in her motion for a summary judgment or in her response to Valley View’s motion for a summary judgment. The trial court denied her postjudgment motion, and Williams appealed to this court.
This court reversed the trial court’s summary judgment and remanded the cause to the trial court for it to enter a judgment containing findings of facts and conclusions of law, pursuant to § 25-5-88, Ala.Code 1975. See Williams v. Valley View Health & Rehabilitation, LLC, 36 So.3d 561, 562-63 (Ala.Civ.App.2009). The trial court subsequently entered a summary judgment that complied with § 25-5-88, and Williams filed a postjudgment motion, restating her argument that her injury was the result of an accident and should not be considered an occupational disease. The trial court denied her post-judgment motion, and Williams again appealed to this court.
Williams argues on appeal, and the majority opinion holds, that the trial court erred in entering a summary judgment in favor of Valley View because Williams had claimed in her complaint that her injury was the result of an accident; therefore, the majority concludes, summary judgment was not proper even if the trial court agreed with Valley View that Williams had not presented substantial evidence indicating that she suffered from an occupational disease.
However, in her motion for a summary judgment and in opposition to Valley View’s motion for a summary judgment, Williams argued extensively that her injury was an occupational disease. Williams did not present any argument in her motion or in her response that her injury was the result of an accident as opposed to an occupational disease or that her complaint had stated a claim relating to an accidental injury. In fact, Williams expressly stated in her motion for a summary judgment and in her response to Valley View’s motion for a summary judgment that she had “presented substantial evidence to support her contention that her injury is an occupational disease” and that her injury, chronic asthma, “has been determined an occupational disease by Alabama Courts.” The first time Williams advanced the argument that summary judgment in favor of Valley View was improper because she had claimed in her complaint an injury resulting from an accident and not an occupational disease was in her postjudgment motion.
When ruling on a motion for a summary judgment “ ‘ “[t]he trial court can consider only that material before it at the time of submission of [a] motion [for a summary judgment]” and ... “[a]ny material filed *644 after submission of the motion comes too late.” ’ ” Harbor Village Home Ctr., Inc. v. Thomas, 882 So.2d 811, 818 (Ala.2003)(quoting Mardis v. Ford Motor Credit Co., 642 So.2d 701, 705 (Ala.1994), quoting in turn Guess v. Snyder, 378 So.2d 691, 692 (Ala.1979)). Accordingly, when considering the correctness of a summary judgment on appeal, “the trial court cannot be reversed on any ground or argument not presented for or against the motion.” Ex parte Ryals, 773 So.2d 1011, 1013 (Ala.2000). An “appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for summary judgment.” Ex parte Ryals, 773 So.2d at 1013 (citing Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992))(emphasis omitted).
Williams did not present any argument to the trial court before or at the time of the submission of the motions for a summary judgment that her injury was the result of an accident. In fact, Williams argued extensively that her injury was the result of an occupational disease and that the trial court should enter a summary judgment in her favor based on an occupational-disease theory, stating that she had “presented substantial evidence to support her contention that her injury is an occupational disease.” Because Williams characterized her claim in her motion for a summary judgment as an occupational-disease claim and because she did not present any argument to the trial court before its entry of a summary judgment that her injury was the result of an accident, I would hold that the trial court did not in err in not considering that argument when it entered a summary judgment in favor of Valley View.
Williams did present an argument to the trial court based on an accidental-injury theory in her postjudgment motion. “ ‘ “[A] trial court has the discretion to consider a new legal argument in a post-judgment motion, but is not required to do so.” ’ ” Espinoza v. Rudolph, 46 So.3d 403, 416 (Ala.2010) (quoting Special Assets, L.L.C. v. Chase Home Fin., L.L.C., 991 So.2d 668, 678 (Ala.2007), quoting in turn Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1369 (Ala.1988)). When a trial court declines to consider a new legal argument advanced in a postjudgment motion, its decision to decline to consider that argument will be reversed only if the trial court exceeded its discretion. Green Tree, 525 So.2d at 1370.
In this case, Williams first advanced her legal argument that she had claimed an injury resulting from an accident and not an occupational disease in her post-judgment motion.[2] Therefore, the trial court had discretion whether to consider that argument. Espinoza, 46 So.3d at 416. Williams did not offer any justification for why she did not advance her argument until after the entry of the summary judgment. Thus, the trial court did not exceed its discretion when it declined to consider Williams’s argument. See Espinoza, 46 So.3d at 416; Special Assets, 991 So.2d at 677 n. 13; and Green Tree, 525 So.2d at 1370. The majority opinion holds that the trial court exceeded its discretion *645 by not considering Williams’s accidental-injury theory advanced in her post-judgment motion. The majority opinion determines this by weighing the potential prejudice to the parties and whether an injustice might result. However, the cases regarding a trial court’s consideration of a new legal argument raised for the first time in a postjudgment motion make no mention of the use of these factors in determining whether a trial court has exceeded its discretion. See Espinoza, supra; Special Assets, supra; and Green Tree, supra. Instead, those cases focus on whether a party provided sufficient justification for its delay in advancing the argument.
Because Williams characterized her claim in her summary-judgment motion as an occupational-disease claim, because Williams first argued that her injury resulted from an accident instead of an occupational disease in her postjudgment motion, and because Williams did not provide any justification for why she did not advance this argument prior to the filing of her postjudgment motion, I would affirm the judgment of the trial court.

. Section 25-5-110(1), Ala.Code 1975, defines an occupational disease as follows:
"Occupational Disease. A disease arising out of and in the course of employment, including occupational pneumoconiosis and occupational exposure to radiation as defined in subdivisions (2) and (3), respectively, of this section, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease, including, but not limited to, loss of hearing due to noise, shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation, or employment as a direct result of exposure, over a period of time, to the normal working conditions of the trade, process, occupation, or employment.”

. I cannot agree with the majority opinion’s assertion that Williams "clearly” stated a claim for relief based on an accidental-injury theory. 64 So.3d at 640. If Williams was indeed requesting relief under an accidental-injury theory, it would have been a simple matter to include that legal argument in her opposition to Valley View’s motion for a summary judgment or in her own motion for a summary judgment. Instead, Williams expressly argued that her' injury should be considered an occupational disease.